Lee vs. Sprague.

SARAH LEE vs. ALBERT D. SPRAGUE.

1. A female slave was sold to serve ten years and no longer; and then to go free and be manumitted forever. Within the ten years, she had a child. The child, in such case, is not entitled to freedom. A person *born* of a slave *is* a slave.

ERROR to Marion Circuit Court.

RICHMOND & HARRISON, for plaintiff in error.

The appellant, for the reversal of the judgment, urges the following:

I. The issue of female *slaves*, born during a hiring, or tenancy for years, or even for life, go to the remainderman or revisioner, after the expiration of the tenancy. The owner for the term of life or years, acquires no property in the issue save a temporary one: 1 A. K, Marshall, 532; Murphy vs. Briggs; Miller vs. McLelland, 7 Monroe 232. In this case, there was a tenancy for years in the mother, during which the appellant was born. When the tenancy expired, the mother was free, by virtue of the same instrument which created tenancy for years. By this instrument, the owner of Mary Young, parted with all his ownership or property in her, from the moment he executed it. He hired her for a term of years, and declared her free, as soon as the term expired.

Suppose there had been a limitation over to a third person in fee, after the expiration of the term for years, would not the remainderman be entitled to the issue? Freedom takes the place of the remainderman here. See, Fanny vs. Bryant, 4 J. J. Mar., 368. It will be seen that this case differs materially from those cases where the master manumits his female slave after a certain period in the future; retaining, in the meantim e, his ownership. In such cases, he keeps *as his own* the property, and does not lose his dominion over it, till a given day, until which time, he is entitled to every thing it yields, and *"partus sequiter ventrem."*

It is evident in this case, that W. W. Waite, when he executed the deed of manumission, intended to relinquish, and part from all dominion over Mary Ann Young—he owned her no longer—had no property in her—no remainder or reversion. He was situated in regard to her, as if he had owned her. What right has he then, or his representatives, to her issue? He has none, and claims none.

The ownership of the issue (Sarah) is claimed by the assignee of one who never owned any thing but a term of service for years, by hiring, in the mother. See the authorities cited, as follows: Fulton vs. Show, 3 Randolph 597; 6 Ran. 652; McMichan vs. Amos, 4 Ran. 134; 8 Pet. 220; Maria vs. Susbough, 2 Rand. 228.

GLOVER, ANDERSON & CAMPBELL, for defendant in error.

*The plaintiff having been born a slave, is a slave—"Partus sequitur ventrem."*

BIRCH, J., delivered the opinion of the court.

The plaintiff, who is an infant of color, brought a suit for freedom, to which the defendant filed a plea in bar denying all the allegations in her declaration. It appeared on the trial, that on the 22d of October, 1833, one William W. Waite, of Baltimore (Maryland) for and in consideration of the sum of one hundred dollars, paid to him by John Hunter, granted, bargained and sold to him, his executors, administrators and assigns, the mother of the plaintiff, to serve ten years from the 19th of October, 1833, and no longer; and to this clause of sale there was added, in the instrument containing it, the words, that "then the said slave shall go free, and be manumitted forever." Hunter sold the mother of the plaintiff to Mosher and Mosher to Blatchfield. While Blatchfield thus owned her, being before her time of service expired, she gave birth to the plaintiff, and Blatchfield having sold her (the plaintiff) to the defendant in this suit, he thereby claims to hold her as a slave.

Upon this evidence, the court (sitting as a jury) was asked to declare that the law was for the plaintiff, and that she was a free person. The court refusing so to declare the law, but declaring it to be the reverse, found a verdict for the defendant, and it is this action of the court that we are called to review.

Construing the instrument executed by Waite as simply directing him, and vesting in Hunter and his assigns, of whom the defendant was one, an absolute property in the mother of the plaintiff during the period covered by her birth, and that the mother was, during that period, as much a slave as though no future manumission had been arranged or provided in her behalf, we have been unable to perceive any valid reason which should exempt the plaintiff in this case from the operation of a rule which so early and so naturally glided into our jurisprudence from that of Justinian, and which but properly ordains and establishes, at least in respect to the polity and policy of the institutions which recognize the relation amongst us, that a person *born* of a slave *is* a slave.

The judgment of the court is therefore affirmed.